# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2067

_____

| | | |
|---|---|---|
| Ruth Ann Veal, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Iowa Correctional Institute | * | |
| for Women; Barbara Long, | * | |
| Warden, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 1, 2001

Filed: December 5, 2001

_____

Before BYE, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

Ruth Ann Veal appeals the district court's[1] denial of her petition for habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

_____

[1]The Honorable Michael Melloy, United States District Judge for the Northern District of Iowa, adopting the Report and Recommendation of United States Magistrate Judge John A. Jarvey.

## I.    BACKGROUND

In June 1993, Veal stabbed and killed sixty-six-year-old Catherine Hayes at her Waterloo, Iowa, home.  Veal was fourteen years old at the time of her arrest, and was transferred from juvenile court to district court for trial.  Veal was convicted of first-degree murder in May 1994.  Following her conviction, and while her motion for new trial was pending, Veal discovered the presiding trial judge had been present in a bar with members of the county attorney's staff following the guilty verdict.  She filed a motion to recuse.  The judge recused himself, and a different judge presided over the remainder of the proceedings.  The new judge denied Veal's new trial motion, and sentenced her to life imprisonment.  On May 21, 1997, the Iowa Supreme Court affirmed her conviction.  State v. Veal, 564 N.W.2d 797 (Iowa 1997).

On direct appeal, Veal argued that she was denied a fair tribunal as evidenced by the aforementioned ex parte social contact between the trial judge and members of the county attorney's office, and by various adverse discretionary rulings by the trial judge.  The Iowa Supreme Court rejected this argument, noting that the trial judge did not abuse his discretion concerning the various rulings.  Id. at 812.  With regard to the social contact, the Iowa court stated,

> [w]e strongly disapprove of [the judge's] post-trial contact with the prosecutors and investigators.  We have emphasized "that judges have a special public responsibility as judicial officers."  Preserving public confidence in the judiciary requires judges to avoid the sort of meeting that took place after the verdict in this case.  Nevertheless, our review convinces us that the court conducted the trial in an impartial manner.

Id. (internal citation omitted).

On February 24, 1998, Veal filed a timely petition for habeas corpus relief.  The district court denied relief on all eight grounds raised in Veal's petition, but

certified for appeal Veal's claim that she was denied a fair tribunal. With regard to that claim, the district court found that although "the conduct of the trial judge in socializing with the prosecutors after the trial is very troubling" there was no evidence of actual bias during trial or as evidenced by discretionary trial rulings.

## II. DISCUSSION

In this case, we are governed by the Anti-terrorism and Effective Death Penalty Act (AEDPA) standard stating that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Veal's claim that she was denied a fair tribunal in violation of the Due Process Clause was adjudicated on the merits by the Iowa Supreme Court, and that decision was not clearly contrary to established Supreme Court precedent. The Due Process Clause requires a fair trial in a fair tribunal. Withrow v. Larkin, 421 U.S. 35, 46 (1975). Further, a trial must proceed before a judge with no actual bias against the defendant or interest in the outcome of his particular case. Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (allowing discovery in habeas case where petitioner's trial judge had later been convicted of taking bribes in criminal cases); In re Murchison, 349 U.S. 133, 138-39 (1955) (denial of due process where trial judge had previously served as a one-man "judge-grand jury" in the contempt case).

The state court analyzed this claim to determine if Veal's federal constitutional right to a fair tribunal had been violated, and found that the trial judge had not shown partiality toward the state in various pretrial and trial rulings. State v. Veal, 564 N.W.2d at 812. Further, while the state court disapproved of the trial judge's post-

trial contact with prosecutors and investigators, it noted that the record indicated the trial was conducted in a fair and impartial manner, and the judge granted the post-trial motion for recusal from further proceedings.  Id.

This analysis by the state court did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  Our review of the record also indicates that Veal got "a fair trial in a fair tribunal," Larkin, 421 U.S. at 46, and that the state trial judge did not have an actual bias against the defendant or interest in the outcome of the case, Murchison, 349 U.S. at 136.  Nor was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The district court, like the Iowa Supreme Court, chastised the trial judge for his conduct in socializing with the prosecutors following trial, and we agree this conduct was imprudent.  However, the record indicates that the trial itself was conducted in a fair and impartial manner, including the discretionary rulings Veal complains about.  Thus, the state court's determination of the facts was reasonable in light of the evidence presented.

## III.   CONCLUSION

Because the state court adjudication of this issue was not contrary to clearly established Supreme Court precedent and did not involve an unreasonable determination of the facts in light of the evidence, we are bound by AEDPA to affirm the judgment of the district court denying habeas corpus relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-